THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNTED STATES OF AMERICA,<br><br>                Plaintiff,<br>     v.<br>CARLOS RICARDO BALLESTEROS,<br><br>                Defendant. | CASE NO. CR16-0021-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motions for compassionate release and to seal (Dkt. Nos. 58, 59), and the parties' motions to file over-length briefs (Dkt. Nos. 57, 63). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for compassionate release (Dkt. No. 58), GRANTS his motion to seal (Dkt. No. 59), and GRANTS the parties' motions to file over-length briefs (Dkt. Nos. 57, 63) for the reasons explained herein.

**I.    BACKGROUND**

On December 5, 2015, Defendant was arrested by law enforcement responding to a report of domestic violence. (Dkt. Nos. 48 at 4, 64 at 3.) Over the course of the subsequent investigation, law enforcement discovered 5 pounds of methamphetamine, 300 grams of marijuana, and 74 grams of heroin. (Dkt. Nos. 48 at 4, 58 at 3–4, 64 at 3–4.) On May 3, 2016, Defendant pleaded guilty to possession of methamphetamine with intent to distribute. (Dkt. Nos.

1   31, 32.) The Court sentenced Defendant to 90 months of incarceration followed by five years of

2   supervised release. (Dkt. No. 55.) Based on Defendant's offense level and criminal history

3   category, the advisory guideline sentencing range was 121 to 151 months. (Dkt. Nos. 48 at 19,

4   49 at 1.)

5   Defendant's current projected release date is April 27, 2022. (Dkt. Nos. 58 at 14, 64 at 4.)

6   He moves for compassionate release under 18 U.S.C. § 3582(c)(1), requesting a reduction in

7   sentence to time served because of his risk of developing severe illness if he contracts COVID-

8   19 while incarcerated. (Dkt. No. 58.)

## II.     DISCUSSION

### 1. Motion for a Reduction in Sentence

In general, the Court may reduce a term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Court considers the section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The parties dispute whether the Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is presently "applicable." (Dkt. Nos. 58 at 7–8, 64 at 7–8.) While the Ninth Circuit has not directly addressed the issue, four Courts of Appeals have, holding that the policy statement does not constrain the Court's discretion. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Nonetheless, the Court may consider the policy statement in the

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See U.S. v. Garcia*, 2020 WL 3839631, slip op. at 3 (W.D. Wash. 2020). Defendant has satisfied this requirement. (*See* Dkt. Nos. 58-4, 64 at 9.)

ORDER
CR16-0021-JCC
PAGE - 2

exercise of its discretion. *See Gunn*, 980 F.3d at 1180. The statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release. USSG § 1B1.13(2). The Court finds that to be an appropriate consideration here. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

      Health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). With a BMI of 40, Defendant is severely obese. (*See* Dkt. Nos. 58 at 4, 58-1). According to the Centers for Disease Control, this condition increases his risk of developing severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated February 22, 2021). The Government "acknowledges that there is an extraordinary and compelling reason that allows the Court to consider whether it should cut short [Defendant's] sentence." (Dkt. No. 64 at 1–2.) However, because Defendant has failed to demonstrate that he would not present a danger to the community upon release or that a reduction in his sentence would be consistent with the 18 U.S.C. § 3553(a) factors, the Court need not determine whether his condition, in fact, represents extraordinary and compelling circumstances warranting a reduction in sentence.

      In assessing whether Defendant would present a danger to the community upon release, the Court may look to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the nature of the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). Here, Defendant has a lengthy criminal history, which includes convictions for rape, assault, assault of a child, failure to register as a sex offender, and conspiracy to deliver methamphetamine. (Dkt. No. 48 at 7–12.) Moreover, Defendant committed the offense for which he is presently incarcerated *while on supervision* for other offenses. (Dkt. Nos. 48 at 12, 49 at 4.) In light of this

history, the Court FINDS that Defendant would present a danger to the community upon release.

The section 3553(a) factors also weigh against release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and the need to avoid sentencing disparities. *See* 18 U.S.C. § 3553(a). As described above, Defendant has a lengthy criminal history; notably, he committed the instant offense after having already served a 144-month sentence for a previous conviction, indicating he had not been rehabilitated following this prior offense. (Dkt. Nos. 49 at 4, 48 at 12.) Further, the Court already imposed a sentence below the guidelines range in this instance. (Dkt. Nos. 48 at 19, 49 at 1.) Therefore, granting Defendant's motion would not promote respect for the law, provide adequate deterrence, or sufficiently protect the public; rather, it would undermine the goals of sentencing.

Accordingly, Defendant's motion for compassionate release is DENIED.

**2. Motion to Seal and Motions to File Over-length Briefs**

Defendant also moves to seal records related to his medical history. (Dkt. No. 59.) The Court starts from the position that "[t]here is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Defendant's motion for compassionate release is a dispositive motion because the Court FINDS that, regardless, he has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, the motion to seal is GRANTED.

Finally, the parties both move for leave to file overlength briefs. (Dkt. Nos. 57, 63.) The Court finds the requests reasonable, in light of the topics briefed. Accordingly, the motions to file

ORDER
CR16-0021-JCC
PAGE - 4

overlength briefs are GRANTED.

**III.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 58), GRANTS his motion to seal (Dkt. No. 59), and GRANTS the parties' motions to file over-length briefs. (Dkt. Nos. 57, 63.) The Court DIRECTS the Clerk to maintain Document Numbers 60 and 60-1 under seal.

DATED this 24th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE